# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STUART O'FARRELL, <br><br> Plaintiff, <br><br> v. <br><br> PARKER SMITH & FEEK INC., <br><br> Defendant. | CASE NO. C17-637-MJP <br><br> ORDER ON JOINT LCR 37 SUBMISSION |

THIS MATTER comes before the Court on the Parties' Joint LCR 37 Submission. (Dkt. No. 18.) Having reviewed the submission and the related record, the Court ORDERS as follows:

**Interrogatory Nos. 4 and 7; Request for Production No. 18:** These requests seek information and documents concerning other PSF shareholders and non-shareholder employees who were terminated "for cause" from 2009 to the present. Mr. O'Farrell was a shareholder and a participant in PSF's deferred compensation plan ("Plan"). (Dkt. No. 18 at 7.) The Plan provides deferred compensation payments to shareholders terminated "without cause," but denies payments to those who resign or are terminated "with cause." (Id.) The Plan defines "cause" as "a fair and honest cause or reason, regulated by good faith on the part of the

Company." (Id.) While Mr. O'Farrell contends that the Plan's definition of "with cause" tracks the applicable definition under state employment law, such that information concerning non-shareholder employees is relevant, the Court disagrees. An inquiry into PSF's definition of "cause" is not relevant to Mr. O'Farrell's ERISA claim.

To the extent they have not already done so, the Court ORDERS PSF to respond to Interrogatory Nos. 4 and 7 and Request for Production No. 18, provided that these responses shall be limited to shareholders.

**Interrogatory No. 6; Request for Production No. 10:** These requests seek information and documents concerning J.M., a shareholder who was terminated for cause and who thereafter entered into a confidential settlement with PSF. Mr. O'Farrell contends that this information is relevant as to "whether PSF evenhandedly applied the Plan's forfeiture provisions and definitions of 'cause'" and as to "the reasonableness of Mr. O'Farrell's belief that PSF was unlawfully discriminating against J.M." (Id. at 13-14.)

The Court ORDERS PSF to respond to Interrogatory No. 6 and Request for Production No. 10 with information and documents up until J.M.'s termination. PSF need not turn over the confidential settlement agreement entered into following J.M.'s termination.

**Request for Production Nos. 15 and 16:** These requests seek documents related to any complaint of discrimination, retaliation, or harassment, or any ERISA claim made by any employee or shareholder against PSF from January 1, 2009 to the present.

PSF has indicated that it has already turned over all documents related to ERISA claims, and that only one other "informal" complaint has been made. (Id. at 21-22.) This "informal" complaint relates to gender discrimination and was made in June 2012. The Court finds that

1 evidence of this complaint is not relevant, and that PSF has already turned over all relevant

2 information responsive to these requests.

3     The clerk is ordered to provide copies of this order to all counsel.

4     Dated July 10, 2018.

_Marsha J. Pechman_
Marsha J. Pechman
United States District Judge